IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LATEEKQUA JACKSON AS PARENT AND NEXT FRIEND OF T.G., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-20-2433 |
| BALTIMORE CURRICULUM PROJECT, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Lateekqua Jackson as parent and next friend of T.G., her minor child ("Plaintiff") filed this lawsuit in August, 2020, claiming damages arising out of a physical interaction between a security officer and her disabled child at the City Springs Elementary School in Baltimore City, Maryland. On May 25, 2022, Plaintiff filed a motion to file a Second Amended Complaint to assert, in relevant part, new claims of negligent supervision against Defendants Baltimore City Board of School Commissioners ("BCBSC") and Baltimore Curriculum Project ("BCP"). ECF 87. Two Defendants, BCBSC and the principal at City Springs Elementary School, Dr. Rhonda Richetta, (collectively, "the BCBSC Defendants") have opposed the motion for leave to amend. ECF 88. This Court has reviewed the filings and exhibits and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Plaintiff's motion will be denied.

I. **FACTUAL BACKGROUND**

This case is centered around an incident on November 28, 2016. Plaintiff alleges that an employee of BCP, Timothy Korr, carried T.G. over his shoulder to take him to Dr. Richetta for discipline, subjecting him to significant physical injury en route to Dr. Richetta's office. Plaintiff's

1

First Amended Complaint asserted fourteen counts against the various defendants. ECF 8. On January 20, 2021, this Court issued an opinion dismissing several of the Counts against the BCBSB Defendants. ECF 26. After that opinion, BCBSB faces only one claim, under section 504 of the Rehabilitation Act for discrimination based on disability. Dr. Richetta continues to face a claim of defamation and two counts of civil conspiracy.

The parties have engaged in fact discovery over the past eighteen months, periodically seeking various extensions to the deadlines in the scheduling order. A joint request in 2021 resulted in the extension of the deadline for amendment of pleadings until September 1, 2021. ECF 47-48. That deadline expired without any further amendment of the complaint. Most recently, on February 28, 2022, the parties consented to an extension of the discovery deadline until August 30, 2022, to permit additional time for the parties' respective expert witnesses to prepare their reports. ECF 77-78. No request was made at that time to extend the already-expired deadline for amendment of pleadings. Nearly three months later, Plaintiff filed the instant motion seeking leave to amend.

The proposed Second Amended Complaint, in relevant part, seeks to add claims of negligent supervision against BCBSC and BCP, alleging that on previous occasions before the incident in this case, Korr had carried T.G. over his shoulder to the principal's office and had not been punished or counseled against doing so. ECF 87-2. Plaintiff contends that she "could not have had any knowledge as to the claim of negligent supervision at the time that the case was commenced." ECF 87 at 3. She suggests that she "became generally aware of the facts during discovery." *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

However, because Plaintiff is seeking leave to amend well after the deadline for amendment provided by the scheduling order, the liberal Rule 15 standard must be weighed against the requirements of Federal Rule of Civil Procedure 16(b)(4), which reads, "[a] schedule may be modified only for good cause and with the judge's consent."

## III. ANALYSIS

The BCBSC Defendants argue that Plaintiff's motion for leave to amend should be denied for two separate reasons. ECF 88. First, the motion for leave to amend was filed approximately eight months after the deadline for joinder of additional parties or amendment to the pleadings, and after fact discovery had concluded.[1] Second, the proposed amendment is futile. This Court agrees with the BCBSC Defendants on both points.

---

[1] BCBSC Defendants correctly observe that the February, 2020 order extended discovery until August, 2020, and did not bifurcate discovery between fact and expert phases. ECF 88 at 3 n.1. Even so, BCBSC Defendants note that discovery was extended to allow Plaintiff's liability expert

3

The operative scheduling order in this case provided a September 1, 2021 deadline for the joinder of additional parties or the amendment of pleadings. ECF 48. Plaintiff did not file the instant motion for leave to amend until nearly nine months later, on May 25, 2022. ECF 87. As such, Plaintiff must satisfy the good cause standard set forth in Rule 16(b)(4) before this Court will find leave to amend under Rule 15 to be appropriate.

Other cases have described the existing tension between these two federal rules. In *Nourison Rug Corp. v. Parvizian*, like in the instant case, a party sought amendment of its pleading after the expiration of the deadline in the scheduling order. 535 F.3d 295, 297 (4th Cir. 2008). The Fourth Circuit noted that, "[g]iven their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Id.* at 298. Accordingly, the Fourth Circuit explained that the party seeking to modify the scheduling order must meet the good cause requirement of Rule 16(b)(4), before the court would consider the more liberal standard for amendment of a pleading in Rule 15(a)(2). *Id.*; *see also Cook v. Howard*, 484 Fed. App'x. 805, 814-15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.").

To establish good cause, the party seeking to amend the scheduling order must "'show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Cook*, 484 F. App'x at 815 (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1522.2 (3d ed. 2010)); *see also Rassoull v.*

---

to prepare his report "in light of the volume of documents," and that parties functionally concluded fact discovery in February, 2020. *Id.* at 3; *see also* ECF 77.

4

*Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant.  Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.' . . . 'If [the moving] party was not diligent, the inquiry should end.'" (citations and emphasis omitted)); *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) ("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (internal citations and quotations omitted)).

     Applying these standards, Plaintiff has failed to establish good cause for her tardy motion for leave to amend.  She cursorily alleges that she became generally aware of the facts regarding the prior incidents of restraining T.G. during "discovery."  ECF 87 at 3.  She provides no information, however, about specifically when the relevant facts were discovered.  The BCBSC Defendants aver that fact discovery concluded with the last fact witness deposition in February, 2022.  ECF 88 at 3 n.1.  Plaintiff thus waited at least three months, if not more, before filing this motion for leave to amend.  There is simply no reason Plaintiff could not have acted with greater diligence once she became aware of prior incidents of alleged misconduct by Korr.  *See Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 590 (D. Md. 2018) (finding that the defendant's argument that it "had not previously 'appreciated' its potential counterclaim, despite having knowledge of the document that purportedly gave rise to it, does not support its claim of diligence," especially where that appreciation came about five months prior to the amendment deadline); *CBX Techs., Inc. v. GCC Techs., LLC*, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) ("[Plaintiff] has not offered any facts that would support an amended complaint and that were not discoverable by

5

[plaintiff] through proper diligence prior to the deadline of the original scheduling order for filing a motion for leave to amend the complaint.").

Accordingly, under these circumstances, this Court finds that Plaintiff has demonstrated no good cause for filing her motion for leave to amend the complaint almost nine months after the deadline provided in the Scheduling Order, and at least three months after her discovery of new facts. And where a moving party fails to demonstrate good cause under Rule 16(b), the Court need not address the remaining Rule 15(a) factors. *See, e.g.*, *Nourison Rug*, 535 F.3d at 299 (declining to address the Rule 15(a) factors after upholding the trial court's finding of no good cause under Rule 16(b)).

This Court alternatively notes, however, that if the Rule 15(a) factors were considered, there is no doubt that the BCBSC Defendants could establish prejudice. "Perhaps the most important factor listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2004 & 2015 Supp.) ("Wright & Miller"), § 1487 at 701 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971); *United States v. Hougham*, 364 U.S. 310 (1960)). The burden of showing prejudice falls on "[t]he party opposing amendment." *Atlantic Bulk Carrier Corp. v. Milan Exp. Co.*, 2010 WL 2929612, at *4 (E.D. Va. July 23, 2010). As the Fourth Circuit explained in *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . .'". 650 F.3d 423, 439 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427) (alteration in *Laber*).

Prejudice can be found "where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson*, 785 F.2d at 510 (citations omitted). In contrast, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427. Thus, the court must examine the facts of each case "to determine if the threat of prejudice is sufficient to justify denying leave to amend." Wright & Miller, § 1487 at 701.

Although no trial date is yet set, and discovery remains formally open, this case has progressed through the entirety of fact discovery, with expert discovery presently underway. None of the claims presently in the case relate to prior incidents involving the restraint of T.G. Therefore, the addition of the new claims would require the reopening of fact discovery and the likely redeposition of a series of witnesses  It is clear, then, that the BCBSC Defendants would suffer prejudice from the late-stage amendment, providing an independent basis to deny leave to amend even under the more lenient Rule 15 standard.

Finally, the BCBSC Defendants note that the proposed amendment is futile as to the new claim against them. This Court has already ruled that BCBSC is immune to state common law torts, which would include a common law claim for negligent supervision. ECF 26 at 5-6, 14-15. This Court therefore agrees that the proposed amendment appears to be futile as to BCBSC, even were it allowed under the standards discussed above.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint, ECF 87, will be DENIED.  A separate Order follows.


Dated: June 27, 2022                               /s/
                                         Stephanie A. Gallagher
                                         United States District Judge